[No. 787.   Decided April 29, 1893.]
FRANK LADOUCEUR, *Respondent*, v. NORTHERN PACIFIC
RAILROAD COMPANY, *Appellant*.

RAILROADS — INJURIES AT CROSSINGS — CONTRIBUTORY NEGLI-
GENCE.

A person injured by collision with a train at a railroad crossing
is not chargeable with contributory negligence, if he looks for the
train before driving upon the track and cannot see it by reason of
intervening trees and embankments, nor hear it on account of the
rattle of his own and other vehicles upon the roadway.  (STILES
and HOYT, JJ., dissent.)

*Appeal from Superior Court, King County.*

Action by Frank Ladouceur against the Northern Pacific
Railroad Company for injuries received as the result of a
collision between a train and plaintiff's wagon at a railroad
crossing.   The evidence tended to show that numerous
teams were passing to and fro at the time on the street;
that the train was making but little noise; and that the en-
gine bell was not rung, nor the whistle blown, till almost
upon the crossing.   The plaintiff testified that he listened
carefully for a train but heard none; that he looked both
ways, listening for a train.   The evidence further tended
to show that there were embankments, trees and brush
along the railroad track, in the vicinity of the crossing,
from ten to twenty feet high, which obstructed the view of
the train from the traveler upon certain portions of the
highway.

*Ashton & Chapman*, and *Andrew F. Burleigh*, for ap-
pellant.

*Bausman, Kelleher & Emory*, for respondent.

The opinion of the court was delivered by

SCOTT, J. — This case was formerly before the court
(4 Wash. 38, 29 Pac. Rep. 942) upon an appeal taken by

the plaintiff from a judgment of non-suit rendered against him on the ground of contributory negligence. The case was reversed and remanded, and was again tried in the superior court, and a judgment rendered in favor of the plaintiff, whereupon the defendant brings this appeal.

The only grounds of error alleged are that the verdict is against the evidence, and that from the whole evidence it appears that plaintiff is chargeable with contributory negligence. These grounds are not well taken. The case presented by the plaintiff is, if anything, stronger than that presented upon the former appeal, and the decision rendered upon that appeal is conclusive of this one.

There is now testimony to show that the plaintiff did look for a train while on the level space before going down the incline, and that he did not see any. There was no such testimony in the record before. The evidence is abundantly sufficient to sustain the verdict, and the jury were the judges of the truthfulness of it. In our opinion there is nothing in the case to show that the plaintiff is necessarily chargeable with contributory negligence. The case was evidently submitted to the jury under favorable instructions for the defendant, as no point is raised over any ruling of the court throughout the trial in any particular.

It follows that the judgment must be affirmed.

DUNBAR, C. J., and ANDERS, J., concur.

STILES, J. (*dissenting*). — It is true that upon the re-trial of this case the plaintiff himself *said* he looked for a train and did not see any, when he was some sixty feet away from the track; but it is also true that, both from his own evidence and from testimony which was uncontradicted and stands unchallenged upon argument of the case, it clearly appeared, that having nothing whatever else to do or think of, if he had turned his head to the southward for

one instant after he got within twenty feet of the track he could have seen the train during all the time after it passed a point over four hundred feet from him.   Yet during all this time he kept his face to the north, where he could plainly see that no danger threatened, and let his horses drag along at a pace, as he says, not exceeding a mile an hour.   If this conduct did not contribute to his injury and directly cause it, I am unable to imagine a case where the rules of contributory negligence can apply.

The verdict of the jury was not only against the clear preponderance of the evidence, but it ignored both the evidence and the charge of the court, and ought not to be sustained.

HOYT, J., concurs.